UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEJON GRIFFIN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STEPHEN SMITH, et al.,<br><br>　　　　Defendants. | Case No. 25-cv-05925-LJC<br><br>**ORDER OF SERVICE; STAYING ACTION; AND REFERRING FOR SETTLEMENT PROCEEDINGS** |

Plaintiff, a state prisoner proceeding *pro se*, filed a civil rights complaint under 42 U.S.C. § 1983 alleging an excessive force incident at Pelican Bay State Prison (PBSP) as well as an unconstitutional policy by the PBSP warden leading to the incident. For the reasons stated below, the complaint is ordered served on the defendants. Plaintiff has been granted leave to proceed *in forma pauperis*. The case will be stayed and referred for settlement proceedings.

**DISCUSSION**

**1. Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity, or from an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at § 1915A(b)(1), (2). Further, it should be noted that pleadings submitted by *pro se* parties must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." While specific facts are not necessary, the

1  statement needs to give the defendant fair notice of the nature of the claim and the grounds upon
2  which it rests.  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).  Although a plaintiff need not include
3  detailed factual allegations in a complaint, the complaint must do more than recite elements of a
4  cause of action and state conclusions; rather, a plaintiff must state factual allegations sufficient to
5  raise the entitlement to relief "above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550
6  U.S. 544, 555 (2007).  A complaint must proffer "enough facts to state a claim to relief that is
7  plausible on its face." *Id*. at 570.  The Supreme Court explained this standard: "[w]hile legal
8  conclusions can provide the framework of a complaint, they must be supported by factual
9  allegations . . . [and] [w]hen there are well-pleaded factual allegations, a court should assume their
10 veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft*
11 *v. Iqbal*, 556 U.S. 662, 679 (2009).

12       To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
13 (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
14 the alleged deprivation was committed by a person acting under the color of state law. *West v.*
15 *Atkins*, 487 U.S. 42, 48 (1988).

16       **2.  Legal Claims**

17       Plaintiff alleges the following.  Around November or December of 2024, defendant
18 Warden Smith implemented a policy of housing disruptive prisoners from protective custody
19 yards and prisoners with mental health issues in the general population yard "to sabotage
20 programing." Defendant Smith knew or should have known that this policy would endanger the
21 safety and security of other prisoners. He also failed to train correctional officers on how to escort
22 these prisoners.

23       On December 6, 2024, plaintiff was attending a religious service and stepped out, with
24 permission, to use the restroom. He saw another prisoner in the hallway who he believed was a
25 new arrival and attempted to offer him assistance in his role as Vice Chairman of the Inmate
26 Advisory Council on B Facility. Defendant correctional officers Sanchez and Herrera were
27 escorting the other prisoner, who had told them that he intended to attack the first person he
28 encountered. He attacked plaintiff unprovoked. Defendants failed to take immediate action to stop

the attack, and instead used pepper gas and a baton on plaintiff numerous times.

Liberally construed, plaintiff has stated a claim under section 1983 against defendants Sanchez and Herrera for deliberate indifference to his safety in violation of his Eighth Amendment rights for failing to protect him from the attack and for using excessive force against him. See *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). Liberally construed, plaintiff has stated a claim against defendant Smith for implementing a constitutionally defective policy that caused the violation of his rights. *See Starr v. Baca*, 652 F.3d 1202, 1208 (9th Cir. 2011).

### 3. Pro Se Prisoner Mediation Program

The Northern District of California has established a Pro Se Prisoner Mediation Program. Certain prisoner civil rights cases may be referred to a neutral magistrate judge for settlement proceedings. The proceedings will consist of one or more conferences as determined by Magistrate Judge Robert M. Illman. The Court finds that this action should be referred to Magistrate Judge Illman for settlement proceedings. Accordingly, the Court hereby REFERS this case to Magistrate Judge Illman for settlement proceedings pursuant to the Pro Se Prisoner Mediation Program. Such proceedings shall take place within 120 days of the date this Order is filed, or as soon thereafter as Magistrate Judge Illman's calendar will permit. Magistrate Judge Illman shall coordinate a place, time and date for one or more settlement conferences with all interested parties and/or their representatives and, within ten (10) days after the conclusion of all settlement proceedings, shall file with the Court a report thereon.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The following defendant(s) shall be served:

    a. Stephen Smith, PBSP warden

    b. Natalia Herrera, correctional officer at PBSP

    c. Hugo Sanchez, correctional officer at PBSP

Service on the listed defendant(s) shall proceed under the California Department of Corrections and Rehabilitation's ("CDCR") e-service pilot program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the Clerk of the Court is directed to

3

serve on CDCR via email the following documents: the operative complaint, this order of service, a CDCR Report of E-Service Waiver form and a summons. The Clerk shall serve by mail a copy of this order on plaintiff.

No later than 40 days after service of this order via email on CDCR, CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which defendant(s) decline to waive service or could not be reached. CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office, which, within 21 days, shall file with the court a waiver of service of process for the defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-285 Form. The Clerk shall provide to the USMS the completed USM-285 form and copies of this order, summons, and operative complaint for service upon each defendant who has not waived service. The Clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

2. This action is referred to the Pro Se Prisoner Mediation Program. The Clerk is directed to serve Magistrate Judge Illman with a copy of this Order and to notify Magistrate Judge Illman that a copy of the court file can be retrieved from the Court's electronic filing database.

3. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

4. All communications by plaintiff with the court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

5. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court and all parties informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action pursuant to Federal Rule

of Civil Procedure 41(b).

6. In view of the referral to the Pro Se Prisoner Mediation Program, after the complaint has been served on the aforementioned named defendant against whom plaintiff has alleged cognizable claims, all other further proceedings in this case are hereby STAYED.

**IT IS SO ORDERED.**

Dated: October 2, 2025

LISA J. CISNEROS
United States Magistrate Judge